UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOSEPH DAVID HANCOCK** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. V-09-65 |
| **RICK THALER,** | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional | § | |
| Division | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Joseph David Hancock ("Petitioner"), an inmate of the Texas Department of Criminal Justice (TDCJ)—Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the result of a disciplinary proceeding. (Dkt. No. 1.) Respondent filed a Motion for Summary Judgment (Dkt. No. 9), to which Petitioner did not respond. Having considered the motion, record, and relevant law, the Court finds that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DISMISSED**.

**I. Background**

Petitioner claims that his rights were violated in the course of disciplinary proceeding No. 20090359380. (Dkt. No. 1 at 5.) Petitioner was charged with fighting without a weapon. (Disciplinary Hearing Record (DHR) at 1.) He was notified of the charge on August 28, 2009 and attended a hearing on August 31, 2009, where he was found guilty. (*Id.*) As a result, the disciplinary hearing officer imposed the following punishment: 30 days loss of commissary privileges; 30 days loss of property; 30 days of cell restriction; 9 days solitary confinement; a

reprimand; and 90 days loss of good time credit.  *Id.*

On September 10, 2009, Petitioner submitted a Step 1 Grievance Form, initiating grievance No. 2010005773.  (Disciplinary Grievance Record (DGR) at 3.)  This grievance claimed that Petitioner was innocent because he was actually the victim of the assault, there was insufficient evidence to support a finding of guilt, a prison official was aware of the altercation but did nothing to stop it, and Petitioner was subjected to cruel and unusual punishment.  (*Id.* at 3-4.)  The Step 1 grievance was rejected on September 26, 2009.  (*Id.* at 4.) On October 6, 2009, Petitioner submitted a Step 2 Grievance Form.  (*Id.* at 1.)  Petitioner s claims in the Step 2 grievance were that Petitioner was actually innocent, there was insufficient evidence to support a finding of guilt, and Petitioner was subjected to cruel and unusual punishment. (*Id.* at 1-2.)  This grievance was rejected on October 16, 2009.  (*Id.* at 2.)

Petitioner signed and mailed the instant federal habeas corpus petition on November 4, 2009.  (Dkt. No. 1 at 9.)

## II.  Claims and Allegations

Petitioner alleges four grounds for his claim that his due process rights were violated:

1. Petitioner was denied the opportunity to call witnesses;

2. Petitioner received ineffective assistance of counsel;

3. Petitioner was the victim of the attack and actually innocent; and

4. There was insufficient evidence to support a finding of guilt.

## III. Summary Judgment Standard

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the Court construes factual controversies in the

light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998).[1]  The burden is on the movant to convince the Court that no genuine issue of material fact exists as to the claims asserted by the non-movant; however, the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts that indicate there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994).  If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998).  However, the proceeding in this action has not been reviewed by the state courts of Texas because the state

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 541 U.S. 913 (2004). Therefore, 28 U.S.C. § 2254(e)(1)—which mandates that findings of fact made by a state court are "presumed to be correct"—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

courts will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). The Court will consider whether Petitioner's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## IV. Analysis

### A. Non-Actionable Punishments

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). It is well settled that claims regarding temporary loss of commissary, recreation, visitation, and cell privileges are not actionable in federal court. *Sandin v. Conner*, 515 U.S. 472, 477 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). A prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483. Accordingly, the Court finds that Petitioner has failed to show a deprivation that entitles him to federal habeas corpus relief as to his loss of privileges, loss of property, reprimand, cell restriction, or solitary confinement.

### B. Actionable Punishment

Petitioner complains that he lost 90 days of good time credit as a result of the disciplinary proceeding. Texas' mandatory supervised release scheme "creates a constitutional expectancy of early release and, as such, a liberty interest in previously earned good time credits." *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). Accordingly, Petitioner "is entitled to the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that [his right to mandatory supervised release] is not arbitrarily abrogated." *Id.* at 774.

### 1. Exhaustion of Administrative Remedies

Before bringing a habeas corpus petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). Here, Petitioner's administrative remedy was the two-step grievance procedure outlined above. Petitioner must, however, present all of his claims at each of the steps in the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Petitioner did not complain that he was denied the opportunity to call witnesses or complain that he received ineffective assistance of counsel in either his Step 1 or Step 2 Grievance Forms. Because Petitioner did not exhaust his administrative remedies as to his first two claims he brings to this Court, those claims are procedurally barred. Further, Petitioner has not alleged the "extraordinary circumstances," *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.-DC*, 826 F.2d 320, 329 (5th Cir. 1987), or good cause and actual prejudice necessary to overcome the procedural bar. *Johnson v. Cain*, 215 F.3d 489 (5th Cir. 2000).

### 2. Petitioner's Remaining Claims

#### a. Sufficiency of the Evidence to Support a Guilty Finding

Petitioner argues that the disciplinary hearing officer lacked sufficient evidence to support a finding that Petitioner was guilty of fighting because Petitioner was actually being attacked by another offender, and the witnessing officers were aware of this fact. In the context of disciplinary proceedings that result in the forfeiture of good-time credits, due process requires "at a minimum, that there be 'some evidence' in the record to support the disciplinary decision." *Broussard v. Johnson,* 253 F.3d 874, 876 (5th Cir. 2001) (citations omitted); *see also Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005) (holding prisoner was denied due process when he was disciplined and stripped of good-time credits because there was "no evidence" to support the offense charged); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (prison disciplinary

hearing findings will not be disturbed unless they are arbitrary and capricious). The Court only need determine that the guilty finding has "support of some facts" or "any evidence at all." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King,* 779 F.2d 1040, 1044 (5th Cir. 1986)); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (announcing that courts must only find a "modicum of evidence" to support the finding of guilt); *Broussard*, 253 F.3d at 877 (declaring that decisions from disciplinary proceedings should be overturned only "where no evidence in the record supports the decision").

According to the offense report, Petitioner struck another offender "several times in the upper body with [a] closed fist," and chemical agents were used to separate the men after they ignored the charging officer's commands to "quit fighting."  (DHR at 5.) Further, although another officer who witnessed the fight testified that the other offender was the initial aggressor in the fight, he also stated that both offenders were engaged in fighting and both refused to stop even after orders were given. (DHR at 9.) In light of these facts, the hearing officer's determination will not be disturbed. The Court finds that the record contains sufficient evidence to support the finding of guilt.

### b.  Actual Innocence

Finally, Petitioner claims that because the other offender was the aggressor, he is actually innocent of the offense charged. However, the Supreme Court has held that stand-alone claims of actual innocence are not cognizable on federal habeas corpus review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998) (finding claims of actual innocence are not cognizable in habeas proceedings "absent an independent constitutional violation occurring in the underlying state criminal proceeding") (citations

omitted); *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998) (same). Accordingly, Petitioner's claim of actual innocence is without merit.

## V.  Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(B).  To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable.  Therefore, the Court denies the issuance of a certificate of appealability in this action.

## VII. Conclusion

Based on the foregoing:

1. Respondent's Motion for Summary Judgment (Dkt. No. 9) is **GRANTED**;

2. This Petition for a Writ of Habeas Corpus is **DENIED**; and

3. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

**SIGNED** this 10th day of August, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE